**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph William MORGAN, a/k/a Lester Carter, a/k/a Edward James Johnson, Defendant-Appellant.**

No. 28187
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 1, 1970.

Joseph W. Morgan, pro se.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Bernard H. Dempsey, Jr., Asst. U. S. Atty., Tampa, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

■ Under 1966 amendments to 18 U.S.C. § 3568, the Attorney General is required to give a federal prisoner "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." In this case we are asked to review a denial by the District Court of credit against a sentence imposed after the effective date of the amendments.[1]

■ The sentencing judge, in response to a letter from the prisoner which he construed as a motion for correction of sentence under Rule 35, Fed.R. Crim. P., denied credit. He relied on those cases, e. g., Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966), which held under the earlier version of § 3568 that granting of credit was a function for the trial judge, and that an appellate court would conclusively presume that credit was given unless the sum of the imposed sentence and presentence jail time served was greater than the statutory maximum sentence for the offense charged. Hyler v. Alexander, 423 F.2d 1215 (5th Cir.1970); Bryans v. Blackwell, 387 F.2d 764 (5th Cir.1967). The District Judge therefore determined that he was not compelled as a matter of law to give credit,[2] and declined to exercise his discretion to reduce sentence because of his practice of giving credit at the time of sentencing. He did not refer to the Attorney General's role. The 1966 amendments make granting of credit an administrative

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969) and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969).

2. He had sentenced Morgan to three years' imprisonment on a Dyer Act violation, the statutory maximum sentence for which is five years, 18 U.S.C. § 2312.

matter rather than one for judicial discretion.[3] Initially the government urged on this appeal that the action of the trial court should be affirmed on the ground that matters of credit under § 3568 for time served are now solely for the Attorney General and that a prisoner should not look at all to the sentencing judge for such sentence credit. We requested the Attorney General to file an additional brief stating whether Morgan has been given or denied credit, describing the administrative practice in the matter of credit and stating his view toward judicial review of administrative action. Such a brief now has been filed.

The government reports that appellant has not been given credit. It acknowledges that the determinations by the Attorney General under § 3568 are subject to judicial review of conformity to the statute. The government appends a policy statement from the Bureau of Prisons, No. 760051, dated October 30, 1969, which sets forth in detail the mechanics of record keeping and the circumstances under which credit is proper. The government brief also states that procedures have been established to notify the prisoner of credit awarded and to allow him to seek administrative relief from denial of credit.

■ After administrative determination of credit but before completion of the minimum claimed sentence, it is appropriate that there be available judicial review of compliance with the statute and with the applicable regulations, to protect the prisoner's statutory right to credit.

■ There remains the appropriate disposition of the instant case. Although the record is sketchy the situation appears to be this. The prisoner was in Florida custody when a federal detainer was filed against him. He was removed on a writ of habeas corpus ad prosequendum to federal custody for arraignment, after which he was returned to state authorities. He was removed to federal custody once again for trial, and was returned again to state prison for completion of his state sentence. Then he was released into federal custody, and finally obtained his release on bail pending appeal from his federal conviction. The conviction was affirmed, he began serving his sentence, and then filed the motion which commenced this proceeding. Morgan contended in his original letter that 56 days of his custody should be credited toward his federal sentence, and on appeal he argues for 119 days credit. The statute and the implementing directives provide for credit for "custody in connection with the offense or acts for which sentence was imposed," whether prisoner is in the custody of federal or state authorities. We are unable to determine from the record whether the acts for which the prisoner was jailed in Florida were the same as those which supported his federal conviction, or whether if those acts were different a portion of Morgan's custody is attributable to the federal rather than the state charge. These are issues for the District Court.

■ In a proper case the district courts may deny relief where the petitioner has failed to exhaust his administrative remedies. The government's brief states that Morgan requested modification of sentence from prison authorities in Atlanta. It will be open to the government to show on remand that Morgan bypassed any further established remedy available to him at the time he petitioned the district court.

The cause is vacated and remanded to the district court for further proceedings not inconsistent with this opinion.

3. As a result the sentencing judge should take care to avoid double credit, Putt v. United States, 392 F.2d 64 (5th Cir.), cert. denied, 393 U.S. 929, 89 S.Ct. 264, 21 L.Ed.2d 266 (1968).