**Edward Eugene BROWN, Petitioner-Appellant,**

v.

**U. S. ATTORNEY GENERAL et al., Respondent-Appellee.**

No. 71-3631

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 3, 1972.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Edward Eugene Brown, pro se.

John W. Stokes, Jr., U. S. Atty., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is from the district court's denial of the petition for mandamus of Edward Brown, a federal prisoner, seeking credit on his sentence for certain time spent in state custody. We affirm the denial of relief on the points ruled on below, but remand for further proceedings on a claim as to which the district court made no specific ruling.

In his mandamus petition the appellant alleged that he was released on parole from his 5½-year federal sentence on April 28, 1970. While he was on parole, the appellant was arrested on August 4, 1970 by state authorities in South Carolina on a state charge. The United States Board of Parole lodged a parole violator's warrant against him on August 8, 1970. When the appellant posted bail on the state charge, he was taken into federal custody. Appellant alleges that he requested, and was denied, a local parole revocation hearing at that time.

The federal detainer was withdrawn on November 5, 1970, and Brown was returned to state custody for disposition of the pending state charge, which subsequently was nolle prosequied. Shortly thereafter, on August 11, 1971, the Board of Parole again issued a detainer warrant by authority of which the appellant was returned to federal custody on September 9, 1971.

Appellant Brown contends first, that his constitutional rights were violated by the Parole Board's refusal to grant his request for a local revocation hearing in 1970. The district court held that this claim is moot since a hearing was accorded him at a later date. We find no error in this ruling, inasmuch as no complaint is made concerning the fairness of the hearing which later was held. See Scarpa v. U. S. Board of Parole, 5th Cir. 1971, 453 F.2d 891.

Second, the appellant seeks credit on his federal sentence for the time spent in state custody from November 5, 1970 to August 11, 1971. He was exclusively in state custody during that time, however, as the federal detainer had been withdrawn on November 5, 1970. As the district court held, the appellant was not then in custody in connection with the federal offense and consequently he is not entitled to credit therefor on

his federal sentence. See 18 U.S.C. § 3568; Jackson v. Attorney General, 5th Cir. 1971, 447 F.2d 747; Boyd v. United States, 5th Cir. 1971, 448 F.2d 477.

 Nor was federal jurisdiction over the appellant lost when the Parole Board withdrew the first detainer, permitting the state to retain Brown in its exclusive custody while the state charge was pending against him. This is a matter of comity between the two sovereigns, federal and state, of which the prisoner cannot be heard to complain. See Yant v. Blackwell, 5th Cir. 1968, 396 F.2d 808, cert. denied 1969, 393 U.S. 1033, 89 S.Ct. 648, 21 L.Ed.2d 577, and the cases cited therein.

 Finally, the appellant seeks credit for the 89 days he spent in custody from August 8, 1970 until November 5, 1970, during which time the first federal detainer warrant was lodged against him. This claim was not ruled on by the district court. In his brief the appellee avers that this contention was not alleged in the appellant's mandamus petition, and therefore should not be considered by us on this appeal. A careful reading of the petition, however, indicates to us that the claim was made therein, although with less than optimum specificity.

The appellee contends, alternatively, that relief on this claim should be denied because of the appellant's failure to exhaust his relevant administrative remedies. It is true that Brown did not allege that he has sought to avail himself of his administrative remedies. The record before us, however, does not show whether he has done so or not. Therefore on the claim for credit of the 89 days' jail time, we remand the case for further proceedings, including the determination whether the appellant has any presently-available administrative remedy. See United States v. Morgan, 5th Cir. 1970, 425 F.2d 1388; Ballard v. Blackwell, 5th Cir. 1971, 449 F.2d 868. In all other respects the judgment appealed from is affirmed.