491 F.2d 966
 Jimmie V. BURNETT, Petitioner-Appellant,
v.
UNITED STATES BOARD OF PAROLE et al., Respondents-Appellees.
No. 73-3135 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 March 27, 1974.
 
 Jimmie V. Burnett, pro se.
 John W. Stokes, Jr., U.S. Atty., Gale McKenzie, Anthony M. Arnold, Asst. U.S. Attys., Atlanta, Ga., for respondents-appellees.
 Before BELL, GODBOLD and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Burnett appeals from the district court's denial of his petition for mandamus and habeas corpus. In 1958, Burnett was convicted of bank robbery, interstate transportation of a stolen motor vehicle, and federal escape. On July 19, 1966, he was released on parole but was subsequently arrested on December 31 by Georgia authorities for burglary. The federal authorities lodged a detainer against him on January 2, 1968. On January 8, the Parole Board issued the parole violator warrant and then on May 10, after conviction on the state charge, he was sentenced to a term of five years imprisonment. He was released from state custody on February 24, 1971 and returned to the federal authorities. On April 15, 1971, after hearing, his parole was revoked.
 
 
 2
 In the district court Burnett sought a writ of mandamus to compel the Parole Board to credit his federal sentence with time spent in jail prior to a state trial because he was denied release on bail solely because of the federal detainer lodged against him. The district court denied the petition without prejudice to Burnett's pursuing his administrative remedies for the credit through the Bureau of Prisons. Burnett based his petition for habeas corpus on the contention that the Parole Board unconstitutionally delayed granting him a parole revocation hearing. Burnett calculated the delay from 1968 when the detainer or warrant was lodged to 1971 when the revocation hearing was held. The district court denied the petition. We affirm.
 
 
 3
 We recognize the force of Burnett's contention that if he was denied release on bail by the state solely because a federal detainer was lodged against him he is entitled to credit on his federal sentence for that time spent in jail without bond. Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970). However, we also reaffirm the district court's insistence upon exhaustion of administrative remedies in this case and in any similar cases presented. O'Connor v. Attorney General, 470 F.2d 732 (5th Cir. 1972); Ray v. United States, 334 F.Supp. 901 (N.D.Ga.1971), aff'd, 450 F.2d 347 (5th Cir. 1971); cf., Savage v. Henderson, 475 F.2d 78 (5th Cir. 1973). Additionally, Burnett's implied suggestion that he is entitled to federal credit for the period of time when he was serving the state sentence is frivolous. Savage v. Henderson, supra.
 
 
 4
 Burnett's contention that the Parole Board unconstitutionally delayed his parole revocation hearing is foreclosed by our recent opinion in Cook v. Attorney General, 488 F.2d 667 (5th Cir. 1974). The Board postponed Cook's hearing six years while he was in custody. We concluded that the delay did not deny Cook due process absent a showing of prejudice. Burnett made no such showing.
 
 
 5
 Affirmed.