**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eugene MATHIS, Defendant-Appellant.**

**No. 82-8109**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 25, 1982.

Robert Altman, Federal Defender Program, Inc., Atlanta, Ga. (Court-appointed), for defendant-appellant.

Janis M. Caplan, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and FAY and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Appellant Mathis was indicted on ten counts of the offense of possessing stolen mail in violation of 18 U.S.C. § 1708 and one count of the offense of uttering a forged United States Treasury check in violation of 18 U.S.C. §§ 495 and 2. Mathis pleaded not guilty and was released on a $5,000 bond but breached his bond conditions. The district court modified these conditions to require appellant to reside at the Salvation Army Social Services Center in Atlanta, Georgia, pending trial. Thereafter, Mathis through counsel pleaded guilty to two counts of the indictment, and the government dismissed the remaining counts. On each count the district court imposed a three-year sentence, with both sentences to run concurrently. After sentencing, Mathis moved for a modification of the sentence on the basis that he was entitled to credit for the time he resided at the Salvation Army Center. The district court denied the motion and in the order of denial stated: "The Court was aware of Defendant's custodial status and this fact was taken into consideration at the time sentence was imposed. Defendant's Motion for Modification of Sentence is DENIED." This appeal is from that order.

■ The district court did not have jurisdiction to consider the motion because the appellant failed to exhaust his administrative remedies. The Attorney General has initial discretion to determine credit for appellant's time in custody prior to imposition of sentence. This discretion is vested in the Attorney General pursuant to 18 U.S.C. § 3568, which reads in part as follows:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed . . . . .

In order for appellant to secure credit for pretrial custody, he must pursue his administrative remedies through the Office of the Attorney General—specifically, through the Federal Prison System, which is under the Attorney General's supervision. Thus, the appellant can establish the facts regarding the nature and duration of his detention, as well as other facts necessary to entertain a judgment as to whether credit should be allowed. Appellant's arguments regarding the Atlanta Salvation Army Social Services Center and the federal prisoners serving sentences there are based on facts that are not in the record.

■ After the decision by the Attorney General, a dissatisfied prisoner may seek review of that administrative action. A prisoner should seek an early review by the Attorney General, and it is obvious that the Attorney General must render a decision granting or denying credit within the term of the sentence so that the prisoner may have sufficient time in which to seek release. In reaching our conclusions, we rely upon *Burnett v. United States Board of Parole*, 491 F.2d 966 (5th Cir. 1974); *O'Connor v. Attorney General of the United States*, 470 F.2d 732 (5th Cir. 1972); *Brown v. U. S. Attorney General*, 457 F.2d 938 (5th Cir. 1972); and *United States v. Morgan*, 425 F.2d 1388 (5th Cir. 1970). The policy statement of the Bureau of Prisons, cited in *Morgan*, No. 760051 (sic), dated October 30, 1969, setting forth the mechanics of record-keeping and the circumstances under which credit is proper, has been superseded by Program Statement No. 5880.24, dated September 5, 1979, issued by the U. S. Department of Justice, Federal Prison System, dealing with similar matters. The administrative procedure for seeking credit is an unencumbered one. An inmate or his representative should direct his request, stating when and where he was in custody, to the Department of Justice, Federal Prison System. When officials of the Federal Prison System have cause to believe that credit may be due, they will themselves attempt to obtain documentation for that credit.

We call attention to note 3 in the *Morgan* opinion, in which our court cautions sentencing judges to avoid double credit, in view of the Attorney General's authority to credit pretrial custodial time.

The case is REMANDED for the district court to vacate its order denying appellant's motion and entry of an order dismissing the motion for lack of jurisdiction.