758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL E. KANE, PETITIONER-APPELLANT
v.
C.R. EDWARDS, WARDEN, UNITED STATES BUREAU OF PRISONS AND
UNITED STATES BUREAU OF PRISONS, AND UNITED STATES
OF AMERICA,RESPONDENTS-APPELLEES.
 NO. 84-1340
 United States Court of Appeals, Sixth Circuit.
 2/20/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; KRUPANSKY, Circuit Judge; and PECK, Senior Circuit Judge.
 
 
 1
 Petitioner appeals the April 30, 1984, judgment dismissing his habeas corpus petition brought under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, a federal prisoner, filed this habeas corpus action seeking credit toward his sentence for the time he spent released on bond. The district court dismissed the petition without prejudice on the grounds that petitioner failed to exhaust his administrative remedies. On appeal, petitioner argues that he should be excused from the exhaustion requirement and has attached documents to his brief indicating that he has now exhausted his administrative remedies.
 
 
 3
 18 U.S.C. Sec. 3568 provides that the United States Attorney General shall credit a federal prisoner's sentence for any days spent in custody prior to imposition of the sentence. The Attorney General, through the Bureau of Prisons, has the initial discretion to compute sentences and determine credit. Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir. 1984); United States v. Mathis, 689 F.2d 1364 (11th Cir. 1982). A federal prisoner seeking credit against his sentence under section 3568 must first exhaust his administrative remedies before the federal courts will consider the claim. Chua Han Mow v. United States, supra; United States v. Mathis, supra; Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973); United States v. Carmen, 479 U.S. 1 (E.D. Tenn.), aff'd, 601 F.2d 587 (6th Cir. 1979); see Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981). Administrative exhaustion is required to allow development of a factual record, to conserve court time because the remedy may be granted at the administrative level, and to allow the administrative agency the first opportunity to correct errors. Chua Han Mow v. United States, supra, 730 F.2d at 1313. Petitioner has not demonstrated that he should be excused from this requirement. The possible futility of the remedy does not excuse failure to pursue it. See Engle v. Isaac, 456 U.S. 107, 130 (1982).
 
 
 4
 Petitioner's documents attached to his September 10 brief cannot be considered by this Court. This Court can only consider the record before the district court. A party is not entitled to introduce new facts in his brief on appeal. Sovereign News Co. v. United States, 690 F.2d 569, 571 (6th Cir. 1982), cert. denied, 104 S.Ct. 69 (1983). However, petitioner should note that the district court's dismissal of his petition was without prejudice to the filing of a proper petition showing that the administrative remedies have been exhausted.
 
 
 5
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).