Hubert A. VAUGHAN, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 86 Civ. 3254 (IBC).

United States District Court, S.D. New York.

Nov. 8, 1986.

Hubert A. Vaughan, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondent; Richard W. Roberts, Asst. U.S. Atty., of counsel.

IRVING BEN COOPER, District Judge.

Petitioner seeks the appointment of counsel, pursuant to 18 U.S.C. § 3006A(g) (1982), together with a writ of habeas corpus under 28 U.S.C. § 2254 (1982) asserting various violations of the Constitution.

## FACTS

Petitioner was arrested on April 6, 1969 for conspiring to rob a bank and for committing the robbery there while using a firearm. Petitioner was convicted before Judge Cannella on all counts and on December 17, 1969 was sentenced to a maximum term of 25 years; Judge Cannella on April 20, 1970 reduced this term to a maximum of 15 years.

Pursuant to 18 U.S.C. § 3568 (1982) petitioner was credited through the office of the U.S. Attorney General with 225 "Jail Credit Days" served prior to the imposition of the sentence. (Sentence Computation Records, Petitioner's Exhibits A, B)

The Second Circuit on April 19, 1971 reversed petitioner's conviction and remanded for a new trial. *United States v. Vaughan,* 443 F.2d 92 (2d Cir.1971). Petitioner, in a jury trial before us was again convicted of all charges and was sentenced on August 5, 1971 to 15 years; said conviction affirmed in open court by the Second Circuit on November 8, 1972.

## APPOINTMENT OF COUNSEL

■ The decision of whether to appoint counsel includes factors such as

the likelihood of success on the merits, the complexity of the legal issues raised by the complaint and the ability of the indigent (here, petitioner) to investigate and present the case. *Weygandt v. Look,* 718 F.2d 952 (9th Cir.1983); *Wilson v. Duckworth,* 716 F.2d 415 (7th Cir.1983).

*Shaird v. Scully,* 610 F.Supp. 442, 444 (S.D.N.Y.1985).

■ It is clear that the legal issues raised in the instant proceeding are not complicated, do not require involved inquiry and have little to no likelihood of success.

Accordingly, under 18 U.S.C. § 3006A(g) (1982) we hold that the interests of justice in this case do not require appointment of counsel for petitioner.

## PETITIONER'S CLAIMS

Petitioner, by the instant application, asserts entitlement to relief on the following grounds: violation of the double jeopardy clause, denial of due process and ineffective assistance of counsel.

### A. *Double Jeopardy*

■ Petitioner asserts that this Court's reimposition of the fifteen year sentence did not fully account for time previously served and good time credit earned thereon, thus placing him twice in jeopardy for the same offense.

Petitioner correctly maintains that:

the constitutional guarantee against multiple punishment for the same offense absolutely requires that punishment already exacted must be fully "credited" in imposing sentence upon a new conviction for the same offense.

*North Carolina v. Pearce*, 395 U.S. 711, 718–19, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969).

Petitioner, however, incorrectly asserts that it is presently the function of this Court to determine whether he has received full credit. 18 U.S.C. § 3568 (1982) expressly provides that such determination shall be made by the Attorney General—not by the federal courts:

[t]he sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence is imposed.

18 U.S.C. § 3568 (1982).

Other courts construing § 3568 are in accord. For example, in *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir.1979) (construing § 3568) the court stated:

[i]t is the administrative responsibility of the Attorney General ... to compute sentences and apply credit where it is due. It is not the province of the sentencing court.

*See also United States v. Mathis*, 689 F.2d 1364, 1365 (11th Cir.1982); *Soyka v. Alldredge*, 481 F.2d 303, 305 (3d Cir.1973).

Decisions regarding good time credits (a 10 day reduction in sentence for every 30 days well served) must likewise be presented first to the Attorney General. 18 U.S.C. § 4166 (1982).

Thus, before petitioner is entitled to relief by writ of habeas corpus, he must first demonstrate that the Attorney General has refused to grant him credit he legally deserves. *United States v. Morgan*, 425 F.2d 1388 (5th Cir.1970). Of course, "[a]fter the decision by the Attorney General, a dissatisfied petitioner may seek review of that administrative action." *Mathis*, 689 F.2d at 1365. In any event, we lack jurisdiction at this time to consider the merits of petitioner's claim because he has failed to exhaust his administrative remedies. *Id.* To hold otherwise would undermine the express will of Congress.

We note petitioner's argument that in *North Carolina v. Pearce, supra*, the Court addressed the issue of crediting time served without requiring the claim to be presented first to the Attorney General. *Pearce*, however, applied 18 U.S.C. § 3568 in its pre–1966 amendment form. At that time, the statute did not specifically provide for redress before the Attorney General as it now does. Therefore, petitioner's reliance on *Pearce* is inappropriate in light of the amendment in 1966.

Accordingly, we reject petitioner's double jeopardy claim.

### B. *Due Process*

Petitioner contends that this Court's remarks at re-sentencing evidence a vindictiveness that resulted in a heavier sentence than that imposed by Judge Cannella. Petitioner reasons that the second sentence imposed was harsher because the Court did not credit him for time previously served.

■ Due process prohibits the imposition of a more severe sentence upon a

defendant who successfully appealed his first conviction. *North Carolina v. Pearce*, 395 U.S. at 723–25, 89 S.Ct. at 2079–80. It is clear that in re-sentencing the Court abided by this well-settled rule. Indeed, as we stated:

> [w]hether I am inclined to or not, the law makes it mandatory, according to U.S.A. against Coke, a case with which I dealt a year or two ago, that the Court impose no larger sentence than that imposed in the first instance.... Accordingly, the total sentence here will be the same as that meted out by Judge Cannella—15 years.

(Sentencing Transcript, August 5, 1971 at 567)

Despite the foregoing, petitioner nevertheless maintains that his due process rights were violated because the Court allegedly did not give full credit for time previously served. As stated above in the context of petitioner's double jeopardy claim, it is not the province of this Court to compute sentences and apply credit. In order for petitioner "to secure credit for pretrial custody, he must pursue his administrative remedies through the office of the Attorney General—specifically, through the Federal Prison System, which is under the Attorney General's supervision." *Mathis*, 689 F.2d at 1365.

Accordingly, we look to the sentence meted out by the Court—not the sentence as recomputed by the Attorney General. This Court in 1971 imposed a sentence identical to that meted out by Judge Cannella in 1970. Hence we find no denial of petitioner's due process rights.

## C. *Ineffective Assistance of Counsel*

■ Petitioner claims that he did not receive effective assistance of counsel at his retrial. Specifically, he asserts that his attorney failed to present the government's burden of proof as to the issue of petitioner's sanity.

This argument is wholly without merit. As the jury charge demonstrates, the burden upon the government was clear:

> [t]he law presumes that the defendant was sane when the acts charged were committed. However, this presumption is rebuttable, and when the defendant offers evidence which raises a substantial challenge to the presumption of his sanity, as was done here, then the burden is upon the government to establish beyond a reasonable doubt that the defendant at the time of the acts in question was legally sane.

(Transcript of Retrial at 509–10, 519)

Furthermore, the Supreme Court has established a stringent two-part test for evaluating an allegation of ineffective assistance of counsel:

> [f]irst the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.... A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omission of counsel that are alleged not to have been the result of a reasonable professional.

*Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). Clearly petitioner has not demonstrated that counsel made errors so egregious as to satisfy either prong of the *Strickland* test. He presents only his incorrect allegation of failure to instruct on the issue of burden of proof.

"[R]ecogniz[ing] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," we find that petitioner was not denied effective assistance of counsel. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.

**830**

## CONCLUSION

In view of the foregoing, we hold each of petitioner's applications without merit in every respect. Accordingly, we are constrained to, and do, deny petitioner's writ of habeas corpus.

SO ORDERED.