**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Theodore Roosevelt MITCHELL,**
**Defendant–Appellant.**

**No. 87–7116**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 23, 1988.

Theodore Roosevelt Mitchell, pro se.

J.B. Sessions, III, U.S. Atty., Gloria A. Bedwell, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before TJOFLAT, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

The only issue on this appeal is whether a federal district court has jurisdiction over

---

a federal prisoner's petition for jail time credit when the prisoner has not exhausted his administrative remedies with the Attorney General. Because binding precedent of this court holds that the prisoner must exhaust those remedies, the district court did not have jurisdiction over the case. Thus, we remand the case with instructions that the district court vacate its order denying Mitchell's petition and enter an order dismissing the petition for lack of jurisdiction.

Mississippi state authorities arrested Mitchell on state charges on December 6, 1984. Federal authorities in Alabama also wanted Mitchell, and they filed a federal detainer with the Mississippi authorities on March 20, 1985. The federal authorities subsequently took custody of Mitchell and brought him to Alabama to stand trial on the federal charges. Mitchell was convicted of the federal charges on August 22, 1985, and sentenced to fifteen years on September 25, 1985. On September 27, 1985, the federal authorities returned Mitchell to state custody in Mississippi. On November 7, 1985, the Mississippi state court sentenced Mitchell to seven years to run concurrently with the federal sentence.

On December 8, 1986, Mitchell filed a pro se motion seeking credit for his jail time.[1] The district court summarily denied this motion on January 15, 1987. Mitchell now appeals this decision.

■ Our decision in this case is controlled by *United States v. Mathis*, 689 F.2d 1364 (11th Cir.1982). In *Mathis*, this court held that a federal district court does not have jurisdiction to entertain a federal prisoner's petition for jail time credit until the prisoner has exhausted his administrative remedies with the Attorney General under 18 U.S.C. § 3568.[2] Mitchell has made no showing that he has exhausted these remedies.

■ We are aware that 18 U.S.C. § 3568 was repealed effective November 1, 1987.[3] On that date, the new 18 U.S.C. § 3585 replaced 18 U.S.C. § 3568.[4] Unfortunately, although the new provision still provides for credit for jail time, it does not specify who shall give such credit. However, that problem need not concern us here. On December 7, 1987, the Sentencing Act of 1987 was enacted.[5] Section 2(a) of that Act amended the effective date section of the Sentencing Reform Act of 1984 (§ 235(a)(1)) to make it clear that the new 18 U.S.C. § 3585 applies only to crimes

---

1. Mitchell also filed motions for reduction of sentence under Fed.R.Crim.P. 35, for pretrial transcripts at government expense, and for appointment of counsel. The district court denied all of these motions, and Mitchell has not appealed them. Mitchell does request counsel on appeal, but because of the simplicity of the issue involved, we deny the motion.

2. 18 U.S.C. § 3568 reads:
   The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed....

3. *See* Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 212(a)(2), 98 Stat. 1987 (1984) as to repeal, and Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 1987, 2031 (1984), as amended by Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985) as to effective date.

4. *See* 98 Stat. 2001 and footnote 3, *supra.* The new 18 U.S.C. § 3585 reads:
   (a) COMMENCEMENT OF SENTENCE.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which sentence is to be served.
   (b) CREDIT FOR PRIOR CUSTODY.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
   (1) as a result of the offense for which the sentence was imposed; or
   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
   that has not been credited against another sentence.

5. Sentencing Act of 1987, Pub.L. No. 100–182, 101 Stat. 1266 (1987).

committed after November 1, 1987.[6] Because Mitchell's crimes occurred in 1983 and 1984, we hold that the old 18 U.S.C. § 3568 is still applicable to his case. Therefore, we continue to follow our holding in *Mathis* that the district could does not have jurisdiction to entertain Mitchell's petition until he has exhausted his administrative remedies.

The case is REMANDED for the district court to vacate its order denying appellant's petition and to enter an order dismissing the petition for lack of jurisdiction.

---

**6.** For the complete text of the amended § 235(a)(1), see the note following 18 U.S.C.A. § 3551.