870 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hassan HAZIME, Defendant-Appellant.
 No. 87-2064.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge
 PER CURIAM.
 
 
 1
 Hassan Hazime (Hazime), criminal defendant below and appellant here, has appealed from his conviction that resulted from a guilty plea to one count of a five count indictment, which charged that he had unlawfully obtained naturalization in violation of 18 U.S.C. Sec. 1425(b).
 
 
 2
 The record below disclosed the following uncontroverted facts. On May 8, 1985, Hazime entered guilty pleas in the United States District Court for the Eastern District of Michigan to one count of conspiracy to possess and distribute heroin in violation of 21 U.S.C. Sec. 846 between September 1, 1981 and December 31, 1983, and one count of conspiring to transport currency in excess of $5,000 out of the United States between January 1, 1982 and December 3, 1983 in violation of 18 U.S.C. Sec. 371.
 
 
 3
 On April 30, 1987 Hazime was again indicted by a grand jury impaneled in the United States District Court for the Eastern District of Michigan on four separate counts of filing false statements with the Bureau of Immigration and Naturalization Service (INS), an agency of the United States, in violation of 18 U.S.C. Sec. 1001, and one count of unlawfully obtaining naturalization in violation of 18 U.S.C. Sec. 1425(b). More specifically, the indictment charged, in four separate counts, that on May 2, 1982 and on February 16, 1983 Hazime had intentionally responded falsely to inquiries incorporated into INS Form # N-400, Application to File Petition for Naturalization, and on two separate occasions on April 3, 1983 had again responded falsely to questions included in Form # N-445, Notice of Final Naturalization Hearing, by concealing the illegal activities which formed the predicate for his previous convictions of May 8, 1985.
 
 
 4
 On July 29, 1987, Hazime entered a plea of guilty to one count of the April 30, 1987 indictment which charged him with illegally obtaining naturalized citizenship in violation of 18 U.S.C. Sec. 1425(b), pursuant to Rule 11 of the Federal Rules of Criminal Procedure, after the government had dismissed the remaining four counts of his outstanding indictment pursuant to the conditions of a plea agreement approved by the trial court.
 
 
 5
 On October 19, 1987, at his sentencing hearing, Hazime filed a written motion with the trial court, styled Motion to Dismiss Indictment, wherein he petitioned the court to quash the indictment of April 30, 1987 because it was predicated upon his guilty pleas of May 8, 1985 which, appellant charged, were invalid because both his legal counsel at that time and the trial judge who had accepted his pleas of guilty failed to advise him that the convictions which resulted from the pleas could be used against him under appropriate circumstances in future criminal prosecutions. After the trial court denied appellant's written motion, his counsel orally moved the trial court for leave to withdraw appellant's July 29, 1987 plea of guilty and to enter a plea of not guilty to the charges asserted in the indictment of April 30, 1987, advancing as support for the oral motion essentially the same substantive arguments that appellant's counsel had relied upon to support his written motion. The trial court overruled the motion and sentenced Hazime to incarceration for a period of two years, to be served consecutively to his previously imposed five year sentence which had resulted from his guilty pleas of May 8, 1985.
 
 
 6
 Hazime filed a timely appeal from his most recent conviction and sentence with this court on October 27, 1987. In the instant appeal, Hazime has again attempted to set aside his conviction which resulted from a guilty plea entered on July 29, 1987 by collaterally attacking his guilty pleas of May 8, 1985, charging that his pleas to the counts of conspiracy to possess and distribute heroin and conspiracy to unlawfully transport currency outside of the United States, had violated his Fifth Amendment rights against self incrimination and amounted to selective prosecution, which foreclosed the government from relying upon those convictions as evidence to support the charge of unlawfully obtaining naturalization, to which charge Hazime had entered a plea of guilty on July 29, 1987. It is beyond peradventure that a guilty plea to a criminal offense constitutes an admission of guilt of the underlying substantive offense charged. See, e.g., United States v. Broce & Broce Constr. Co., 57 U.S.L.W. 4158, 4160 (U.S. January 23, 1989); Tollet v. Henderson, 411 U.S. 258, 266-67, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). A guilty plea generally serves to bar any constitutional challenges to the underlying indictment and the evidentiary base upon which the indictment was obtained.
 
 
 7
 [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea....
 
 
 8
 A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to charge, no matter how peripheral such a plea might be to the normal focus of counsel's inquiry.
 
 
 9
 Tollet, 411 U.S. at 266-67, 93 S.Ct. at 1608; accord Broce & Broce Constr. Co., 57 U.S.L.W. at 4161 ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.") (quoting Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984) (footnote omitted)); Menna v. New York, 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975) ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."); see also Campbell v. Marshall, 769 F.2d 314, 318-320 (6th Cir.1985), cert. denied sub nom. Campbell v. Morris, 475 U.S. 1048, 106 S.Ct. 1268, 89 L.Ed.2d 576 (1986); Schultz v. Wellman, 717 F.2d 301, 307 (6th Cir.1983); United States v. Freed, 688 F.2d 24, 26 (6th Cir.1982).
 
 
 10
 In the instant case, the defendant's constitutional challenges were anchored upon alleged constitutional defects in his guilty plea of May 8, 1985, which he asserted impugned the validity of his indictment of April 30, 1987 charging him with immigration offenses. Had the defendant desired to preserve his right to join a constitutional challenge to the validity of the underlying indictment of April 30, 1987, he could have entered a conditional plea of guilty pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure.[1] See, e.g., United States v. Taylor, 814 F.2d 172, 174 (5th Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 186, 98 L.Ed.2d 138 (1987). In the case at bar, however, Hazime failed to enter such a conditional plea. Consequently, he is limited in the instant appeal to challenging the conviction of July 29, 1987 only upon the issue that his guilty plea of that date was neither voluntary nor well counseled.
 
 
 11
 A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.
 
 
 12
 Broce & Broce Constr. Co., 57 U.S.L.W. at 4159; see also McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969) (guilty plea waives any claims of invalidity of conviction based upon violation of defendant's rights against self incrimination under the fifth amendment); compare United States v. Echegoyen, 799 F.2d 1271, 1275-76 (9th Cir.1986); United States v. Simmons, 763 F.2d 529, 533 (2nd Cir.1985). The appellant has not, in this appeal, argued that his guilty plea of July 29, 1987 was not knowingly and voluntarily entered. Accordingly, the defendant's attempt to collaterally challenge the constitutional validity of his guilty plea of May 8, 1985 is barred in the instant case.
 
 
 13
 Hazime has additionally appealed the sentence which resulted from his guilty plea of July 29, 1987. On October 28, 1987, Hazime had filed a motion with the district court for reconsideration of his sentence, which the district court denied on December 18, 1987. The appellant urged that the trial court erred in refusing to credit accrued good time served as a result of his May 8, 1985 conviction against the sentence imposed in the case at bar pursuant to 18 U.S.C. Sec. 3568.[2]
 
 
 14
 "It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before ... relief may be granted." Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam). A review of the applicable case law clearly demonstrates that the federal courts lack jurisdiction to consider recalculation of a sentence upon an allegation of "good time credit" until such time as the prisoner has exhausted the administrative remedies provided by the Department of Justice and the Bureau of Prisons for awarding such reduction in sentences.
 
 
 15
 It is the responsibility of the Attorney General to implement the sentence imposed by the court.... [I]t is the Attorney General, the Department of Justice, and the Bureau of Prisons, not the courts, which have the responsibility of computing sentences and giving credit for time previously served.... Thus, if [defendant] disputes the credit he receives for time served, he should use the administrative process established by the Bureau of Prisons, 28 C.F.R. Secs. 542.10-542.12 (1986), before seeking relief in federal court.
 
 
 16
 United States v. Berry, 814 F.2d 1406, 1410-11 (9th Cir.1987) (citations omitted); accord United States v. Mitchell, 845 F.2d 951, 952 (11th Cir.1988) (per curiam); United States v. Mathias, 689 F.2d 1364, 1365-66 (11th Cir.1982); United States v. Clayton, 588 F.2d 1288, 1292 (9th Cir.1979); see also Chua Han Mow v. United States, 730 F.2d 1308, 1313-14 (9th Cir.1984); cf. United States v. Morgan, 425 F.2d 1388 (5th Cir.1970). Because Hazime has not exhausted available administrative review of his sentence, the district court correctly refused to reconsider the sentence imposed on October 19, 1987.
 
 
 17
 This court has considered the defendant's remaining assignments of error and has concluded that they are without merit. Accordingly, the district court's judgment of conviction entered pursuant to defendant's guilty plea of July 29, 1987 is AFFIRMED.
 
 
 
 [1]
 Rule 11(a)(2) provides that:
 (2) Conditional Pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pre-trial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.
 Fed.R.Crim.P. 11(a)(2) (emphasis in original).
 
 
 [2]
 The relevant statutory section is 18 U.S.C. Sec. 3568 provides that:
 The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.
 18 U.S.C. Sec. 3568.
 The defendant had incorrectly asserted that 18 U.S.C. Sec. 3585 was the applicable statute governing credit against his sentence for time previously served. However, section 3585 became effective on November 1, 1987, and applies to offenses committed after that date; it is not retroactive in application. See United States v. Mitchell, 845 F.2d 951, 952-53 & nn. 5-6 (11th Cir.1988) (per curiam).