**UNITED STATES of America**

v.

**Donald Lee YOUNG, Jr., Defendant.**

No. 85 Cr. 0669 (JES).

United States District Court,
S.D. New York.

July 10, 1990.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (James E. Johnson, Mark J. Stein, Asst. U.S. Attys., of counsel), for U.S.

Donald Lee Young, Jr., pro se.

MEMORANDUM OPINION
AND ORDER

SPRIZZO, District Judge:

Petitioner Donald Lee Young, Jr., brings this petition pursuant to Fed.R.Crim.P. 32(b)(1) to amend the Judgment and Commitment Order issued by this Court on September 25, 1985. Petitioner requests that the Court explicitly state that his sen-

tence commenced on September 25, 1985, so that he may be given credit for jail time served between September 25, 1985 and April 7, 1986. For the reasons that follow, the petition is dismissed.

On July 18, 1985, petitioner entered a guilty plea before this Court to an information charging him with seven counts of bank fraud in violation of 18 U.S.C. § 1344. He was sentenced on September 25, 1986 to three consecutive five-year terms of imprisonment on counts one through three of the information. The Court further sentenced petitioner to four five-year terms on each of counts four through seven of the information, all of which were to be served concurrently with count one.

Petitioner had been detained for a multitude of charges in at least two states, both before and after he was taken into custody on federal charges. Prison records indicate that from September 25, 1985 through December 31, 1986, petitioner was held in the custody of the state of New Jersey.[1] Petitioner was to be released to the U.S. Marshal on April 7, 1986 on a federal detainer, but the U.S. Marshal did not assume custody of him until December 31, 1986. No explanation has been provided for the delay between the time defendant was supposed to be released to the federal authorities and the time that the U.S. Marshal actually assumed custody of him. The Bureau of Prisons credited defendant for jail time served for the period from April 7, 1986 through December 31, 1986. However, the Bureau did not credit him for time served in state custody between September 25, 1985 and April 7, 1986.

■ In requesting that this Court state explicitly that his sentence began to run on September 25, 1985, the petitioner is, in essence, contending that the Bureau of Prisons has incorrectly calculated his sentence and is asking the Court to perform the administrative function of calculating the appropriate credit he should receive. However, it is clear that under the law governing petitioner's sentence a federal sentence does not begin to run until the petitioner is received at the federal correctional institution for service of the sentence and that the Attorney General has the responsibility of calculating credit given to prisoners for time spent in custody before the commencement of the imposed sentence. See 18 U.S.C. § 3568 (1982).[2]

■ In order to carry out this administrative function, the office of the Attorney General, through the Bureau of Prisons, has established a multi-stepped process for review of a prisoner's complaints about any aspect of his confinement, including the calculation of credit for time in custody. See Brown v. Rison, 895 F.2d 533, 534 (9th Cir.1990); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982); 28 C.F.R. §§ 542.10–542.16 (1989). The Attorney General's action is then reviewable on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 in the district in which a petitioner is confined or where his custodian is located. See United States v. Miller, 871 F.2d 488, 490 (4th Cir.1989); United States v. Lynch, 647 F.Supp. 1293, 1296 (D.S.C.1986).

■ It has been consistently held that a federal district court does not have jurisdiction to hear a federal prisoner's petition for jail time credit until the prisoner has exhausted his administrative remedies. See United States v. Mitchell, 845 F.2d 951, 952 (11th Cir.1988); Vaughan v. United States, 647 F.Supp. 826, 828 (S.D.N.Y. 1986); McCune v. United States, 374 F.Supp. 946, 948 (S.D.N.Y.1974); But see Brown v. Rison, supra, 895 F.2d at 535

---

**1.** On March 10, 1986, petitioner entered a plea of guilty in New Jersey Superior Court to one count of theft by deception in the third degree, and five counts of forgery in the fourth degree. On April 7, 1986, petitioner was sentenced on the above charges by the New Jersey Court to five years imprisonment to be served concurrently with the sentence imposed by this Court.

**2.** Because petitioner's crimes occurred in 1985, his sentence is governed by the law prior to the Sentencing Reform Act. See Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 1987, 2031 (1984), amended by Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985) (Sentencing Reform Act applies to crimes committed after November 1, 1987).

(holding that failure to exhaust administrative remedies is not a jurisdictional bar). Here, petitioner has not demonstrated, or even alleged, that he has commenced such a proceeding.[3] Accordingly, since petitioner has not demonstrated that he has exhausted any of the administrative remedies available to him, the Court lacks jurisdiction to entertain his petition, and his petition must be dismissed. Moreover, even if a failure to exhaust his administrative remedies is not a jurisdictional defect, *see Brown, supra,* 895 F.2d at 535–36, petitioner has not made any showing that his failure to exhaust his administrative remedies should be excused. This is especially significant since petitioner's lengthy and complicated incarceration history should be reviewed by the Bureau of Prisons, the agency most familiar with the underlying facts, prior to the time that judicial intervention is invoked.

## CONCLUSION

For the reasons stated above, the petition to correct the Judgment and Commitment Order is dismissed.

IT IS SO ORDERED.

---

[3]. Petitioner has supplied the court with documents that indicate that a Mr. D.L. Gilbert, Inmate Systems Manager of the Correctional Institution in Talladega, Alabama, advised him that in order for the systems manager to credit him with jail time served against his sentence since the date of sentencing, September 25, 1985, he only needed to file a motion before the sentencing court to amend the Judgment and Commitment Order to state that the sentence did in fact begin on September 25, 1985. *See* Affidavit of Donald Lee Young, Jr. at ¶ 13 and accompanying exhibits (January 26, 1990). Seeking an informal opinion of a prison official clearly does not constitute an administrative petition pursuant to 28 C.F.R. § 542.13(b), and provides no basis for petitioner to assert that he has exhausted his administrative remedies. Nor does the informal opinion of the prison official provide a basis for the Court to excuse the petitioner's failure to exhaust his administrative remedies or conclude that the Government has waived the requirement that he do so.