28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wayne M. CROWELL, Petitioner-Appellant,
v.
Tom WOOTEN, Warden, FCI Florence, Respondent-Appellee.
 No. 93-1486.
 United States Court of Appeals, Tenth Circuit.
 May 27, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, a federal prisoner, filed a petition in habeas corpus seeking relief from his sentence on the ground that he was not given proper credit for time spent in custody. While on bond for a federal offense in 1982, Petitioner was arrested on a subsequent state charge. Thereafter, in 1982, Petitioner was sentenced on the federal charge to a term of five years and remanded to federal custody. Approximately eighteen months later, Petitioner was sentenced on the state charges, the sentence to run concurrently with the federal conviction. According to Petitioner, he remained in state custody from January 26, 1984 to April 16, 1992, when he was paroled to federal authorities. He now claims he should have been given credit on his federal sentence for the time spent in state custody.
 
 
 3
 The federal magistrate judge to whom the case was assigned recommended the claim be denied on two grounds. First, although Petitioner reports he commenced administrative review of his grievance, that review was incomplete; hence, the magistrate recommended the petition be denied on that ground. United States v. Woods, 888 F.2d 653, 654 (10th Cir.1989) (citing United States v. Mitchell, 845 F.2d 951, 952 (11th Cir.1988)). Second, the magistrate recommended, because 18 U.S.C. 3585(b) states a federal prisoner shall be given credit for time served except when the time is credited to another sentence, the petition be denied on the merits as Petitioner had received credit on the state offense. Although Petitioner argued he was subject to the terms of 18 U.S.C. 3568, which was effective at the time of his federal sentence and not 3585(b), the magistrate held our decision in Woods ruled 3585(b) was intended by Congress to provide the "same result" as 3568.
 
 
 4
 The district court accepted the recommendation and dismissed the petition. Although not specified in the order of dismissal, we assume the dismissal was predicated on failure to exhaust because that ground would obviate consideration of the merits.
 
 
 5
 Although Petitioner's contention that the magistrate judge applied the wrong statutory section is not without merit, particularly because there are relevant distinctions between the two, his petition was clearly premature when filed. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470