[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15984
Non-Argument Calendar

_____

D. C. Docket No. 02-00294-CV-OC-10GRJ

FREDERICK HEGNEY,

Petitioner-Appellant,

versus

CARLYLE I. HOLDER,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2006)

Before CARNES, PRYOR  and FAY, Circuit Judges.

PER CURIAM:

Frederick Hegney, a federal prisoner proceeding pro se, appeals the district court's order denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Hegney filed his § 2241 petition after April 24, 1996; therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996), is applicable.[1] Hegney argues on appeal that the Bureau of Prisons ("BOP") erred in calculating his pre-sentence credit, pursuant to 18 U.S.C. § 3568. For the reasons set forth more fully below, we affirm.

Hegney filed the instant § 2241 petition, specifically challenging the BOP's failure to give him credit for the 38 months' imprisonment (587 days) he served prior to sentencing, pursuant to 18 U.S.C. § 3568. Hegney asserted in support the following facts: (1) on September 5, 1986, he was arrested for violations of the Racketeering Influence Corrupt Organization Statute ("RICO"), 18 U.S.C. § 1962(c) & (d); (2) on June 22, 1987, while he was in custody on the RICO charge, a federal grand jury returned an indictment, charging him with being a felon in possession of firearms; (3) the district court subsequently sentenced him to two years' imprisonment for the firearms offense; (4) in January 1989, a jury convicted him of the RICO offenses; and (5) on October 31, 1989, the district court

---

[1] Hegney–a federal prisoner proceeding under § 2241–may proceed before this Court despite the lack of a certificate of appealability (COA). See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (explaining that a federal prisoner who proceeds under § 2241 need not obtain a COA to proceed on appeal).

sentenced him to 50 years' imprisonment for the RICO offenses. Hegney also asserted that he had exhausted his administrative remedies by first seeking relief through the BOP's administrative process.

In responding to Hegney's claim in his § 2241 petition, the government conceded that Hegney had exhausted his administrative remedies. The government, however, argued that § 2241 relief was not warranted because the BOP properly had credited Hegney with the time he had served before being sentenced for his RICO violations. In support, the government attached the declaration of Annie Williams, Assistant Inmate Services Supervisor, who declared as follows: (1) after being indicted for the firearms offense, the issue of bond was moot because Hegney was being held for the RICO violations, (2) on October 30, 1987, when Hegney was sentenced for the firearms offense and was committed to the BOP, the BOP awarded him credit for 420 days he had spent in pre-sentence custody; (3) on April 13, 1988, after serving 167 days, on the firearms offense, Hegney completed that sentence; (4) Hegney remained in custody due to his RICO violations; and (5) on October 31, 1989, Hegney was sentenced, committed to the BOP, and awarded 566 days credit for the time he had spent in pre-sentence custody from April 13, 1988, the date his firearms sentence expired, to October 30, 1989, the day before he was sentenced.

Based on this evidence, the government specifically contended that, under § 3568, Hegney was not entitled to the additional pre-sentence credit he was seeking from September 5, 1986, to April 13, 1988, because that period of incarceration had been applied to, or was time spent serving, his firearms sentence and, thus, would amount to "double credit." The government also discussed that the fact that Hegney was arrested first in time, but sentenced last, on the RICO violations did not preclude the district court from applying this credit in calculating his firearms sentence because, at the time he was sentenced for the firearms offense, no other sentence existed for the court to credit. Additionally, the government argued that the sentencing court's judgment of conviction explicitly reflected that the court had reduced Hegney's sentence to reflect all of the time he served pre-sentencing.

The district court denied Hegney's § 2241 petition. In doing so, the court clarified that, upon Hegney's initial reception into BOP's custody for the RICO violations, Hegney was credited with 985 days of pre-sentence credit, that is, 1,115 total days in custody minus the 165 days he spent serving his sentence for the firearms offense. The court also noted that, (1) in 1996, during a re-evaluation of this calculation, the BOP determined that it improperly had credited Hegney's RICO sentence with 419 days of pre-sentence credit because Hegney already had

4

received that credit in being sentenced for the firearms offense; and (2) to avoid "double counting," it had re-adjusted Hegney's RICO sentence to reflect that he only had 566 days of pre-sentence credit.

The court then discussed that, to the extent Hegney was arguing that he should have received credit for all time he spent incarcerated prior to being sentenced for the RICO violations, he was not in custody "in connection with" the RICO violations between October 30, 1987 and April 12, 1988, when he was serving his firearms sentence. Furthermore, the court determined that, although Hegney's sentence for his RICO violations, instead of his sentence for his firearms offense, technically should have been reduced based on the time he served between the date of his initial arrest and when he started to serve his firearms sentence, (1) the timing of his two sentences prevented this from occurring, (2) Hegney could not receive the same credit for both sentences, and (3) a correction of this technical error would not result in Hegney serving less time.

Hegney again argues on appeal that, although he was serving a sentence for his firearms offense from October 30, 1987 until April 13, 1988, he was denied release during this time period because of the RICO detainer and, thus, also should have had this time credited towards his RICO sentence. Additionally, Hegney contends that he should have received credit towards both sentences because his

firearms sentence resulted from firearms being seized during his arrest for the RICO violations and, therefore, was "in connection with" the RICO violations. Alternatively, Hegney argues for the first time that, because he was "parole eligible" upon completion of a third of his firearms sentence, the BOP should have reduced his RICO sentence based on an additional 163 days' pre-sentence credit.

We review de novo a denial of habeas relief under § 2241. Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004). As a preliminary matter, although the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), does not apply to habeas petitions, we have held that prisoners seeking habeas relief under § 2241 must, nevertheless, exhaust administrative remedies. Id. at 1295. Moreover, where a habeas petition is brought pursuant to § 2241, this exhaustion requirement is jurisdictional. See Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). We must resolve jurisdictional issues before we address the merits of any underlying claims. United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998)), cert. denied, 126 S.Ct. 1116 (2006). Jurisdictional issues also are subject to de novo review. Taylor v. United States, 396 F.3d 1322, 1327 (11th Cir. 2005).

The Attorney General has the authority to determine what credit, if any, is due a prisoner for time served, and the Attorney General has delegated the right to make this determination to the BOP. United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990). A prisoner seeking credit against his sentence for time in custody must exhaust BOP administrative remedies for the district court to have jurisdiction to hear his claims. Id. at 1556.

Here, as the government concedes, Hegney exhausted his administrative remedies as they pertained to his claim that the BOP erred in not crediting his RICO sentence with the time he spent incarcerated from the day he was arrested until the day before he was sentenced on the RICO violations. However, Hegney did not raise in administrative proceedings his claim that the BOP improperly denied him parole on his sentence relating to his firearms offense. Thus, our review is limited to determining whether the BOP should have credited both his sentences for firearms and RICO violations with the same pre-sentence incarceration periods. See id.

Section 3568 governs the calculation of federal sentences imposed for crimes, such as the ones at issue here, that were committed prior to November 1, 1987. See Meagher v. Clark, 943 F.2d 1277, 1282 (11th Cir. 1991). This provision provides, in pertinent part, as follows:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence of any days spent in custody in connection with the offenses or acts for which sentence was imposed. . . ..

18 U.S.C. § 3568 (1982) (repealed effective Nov. 1, 1987 by Pub.L.No. 98-473, tit. II, § 212(a)(2), 98 Stat. 1987, 2031 (1984)).  In interpreting this statute, the former Fifth Circuit explained that "time spent in State custody <u>must</u> be credited toward time served on a Federal sentence if the continued State confinement was exclusively the product of such action by Federal law-enforcement officials as to justify treating the State jail as the practical equivalent of a Federal one." <u>Ballard v. Blackwell</u>, 449 F.2d 868, 869 (5th Cir. 1971) (emphasis in original).  In other words, "[i]f the Federal detainer alone prevented [the prisoner's] release from State confinement, credit must be given." <u>Id.</u>

Where a convicted federal prisoner claims credit for time served in a state jail or prison, however, the burden is on the prisoner to establish that the state confinement "was exclusively the product of such action by Federal law-enforcement officials." <u>United States v. Harris</u>, 876 F.2d 1502, 1506-07 (11th Cir. 1989).  Moreover, prisoners should not be given double credit for non-concurrent sentences.  <u>See</u> <u>Lipscomb v. Clark</u>, 468 F.2d 1321, 1323-24 (5th Cir. 1972) (explaining that prisoner had received all the credit to which he was entitled

8

because, where the execution of the prisoner's warrant merely had been interrupted by another sentence, giving full credit for this period of incarceration on both non-concurrent sentences "would be double counting against the government"); see also United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982) (noting that, despite the Attorney General's authority to give credit for pretrial custody, sentencing judges were cautioned to avoid "double credit").

Assuming for purposes of argument that our caselaw involving time spent in state custody also is applicable to federal offenses, the government, through Assistant Inmate Services Supervisor Williams, conceded that the detainer relating to Hegney's RICO violations prevented Hegney's release from September 5, 1996, until he was sentenced for the firearms offense on October 30, 1987. See Ballard, 449 F.2d at 869. However, from October 30, 1987 until April 13, 1988, Hegney's incarceration was due to his sentence for his firearms offense. Additionally, in calculating the time Hegney had to serve for his firearms offense, the BOP gave him credit for the period from September 4, 1996 until October 30, 1987. Thus, the district court did not err in concluding that it was precluded from also counting this period of incarceration in calculating Hegney's RICO sentence. See Lipscomb, 468 F.2d at 1324; see also Mathis, 689 F.2d at 1365-66.

Accordingly, we conclude that the district court did not commit reversible error in calculating Hegney's pre-sentence credit under § 3568. We, therefore, affirm the court's denial of Hegney's § 2241 petition.

**AFFIRMED.**