UNITED STATES of America,
Plaintiff–Appellee,

v.

Daniel Francis FLANAGAN,
Defendant–Appellant.

No. 88–5129
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 5, 1989.

Lori Barrist, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Sandra M. Kabboush, Asst. U.S. Atty., West Palm Beach, Fla., Linda C. Hertz, Harriett R. Galvin, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL, ANDERSON and CLARK, Circuit Judges:

PER CURIAM:

I. Facts

On February 4, 1986, Daniel F. Flanagan (Flanagan) pled guilty to one count of making a false statement to a firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) & 924(a). In March 1986, Flanagan was sentenced to a three-year term of incarceration. Pursuant to the split sentence provision of 18 U.S.C. § 3651, however, he was ordered incarcerated in a jail-type institution for six months and placed on probation for the remaining thirty months. Record, Vol. 1, Tab 32.

Following his release, a petition for probation revocation was filed on February 2, 1987, alleging that Flanagan had continued to use cocaine in violation of the terms of his probation. *Id.* at Tab 35. After a hearing, the district court extended his pro-

bation an additional thirty months and ordered him to participate in a drug rehabilitation program. *Id.* at Tab 41.

On July 10, 1987, a second petition for probation action was filed and a hearing was held on August 7, 1987. Docs. 45, 46. The district court revoked Flanagan's probation and committed him to the custody of the Attorney General for a period of three years. The court also ordered a psychiatric study pursuant to 18 U.S.C. § 4205(d). *Id.* at Tab 46. After reviewing the study at a sentencing hearing held on January 6, 1988, the district court affirmed the three-year sentence. *Id.* at Tab 50. Flanagan timely appealed.

II. Discussion

Flanagan contends that the three-year sentence imposed upon the revocation of his probation is illegal. In his view, because he had already served six months under the split-sentence provision, the maximum sentence he could receive was the thirty-month probated sentence. The government contends that the three-year sentence is lawful. The government concedes that because the district court suspended the execution (rather than the imposition) of its original sentence in this case, the court could not have increased Flanagan's sentence. It argues, however, that this has not occurred because the district court simply reinstated Flanagan's original sentence. The government contends that Flanagan must initially present his claim regarding credit for time served to the Attorney General and pursue his administrative remedy before seeking judicial review.

In the event that a federal defendant's probation is revoked, the statute provides that the court may "require him to serve the sentence imposed, or any lesser sentence, and if imposition of sentence is suspended, may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653.[1] Because imposition of sen-

---

1. Section 3653 was repealed by the Sentencing Reform Act, Pub.L. 98–473, Title II, § 212(a)(2), 98 Stat. 1987 (1984). The repeal applies only to offenses committed after November 1, 1987. Pub.L. 98–473, Title II, § 235, 98 Stat. 2031

tence was not suspended in this case, the district court's options, after revoking Flanagan's probation, were to reimpose the original sentence or to sentence him to a lesser term. In this case, the district court sentenced Flanagan to a period of three years, his original sentence. As the government argues, this was entirely proper. Flanagan has not cited any authority which suggests otherwise. Whether Flanagan receives credit for the six months he was incarcerated prior to his probation is a separate issue which we analyze next.

■ Congress has accorded the Attorney General with initial discretion to determine credit for time served by a defendant. Under the relevant statute, "[t]he Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence is imposed." 18 U.S.C. § 3568.[2] Construing this provision, this court has held that the granting of credit for time served is in the first instance an administrative, not a judicial, function. *See United States v. Morgan,* 425 F.2d 1388, 1389–90 (5th Cir.1970).[3] Accordingly, a federal prisoner dissatisfied with the computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. *Id.* at 1390; *see, e.g., United States v. Mathis,* 689 F.2d 1364, 1365 (11th Cir.1982) (defendant must pursue administrative remedies before district court has jurisdiction). There is no logical reason for treating a split-sentence differently pursuant to 18 U.S.C. § 3651. The Ninth Circuit has considered this issue and held that it is the duty of the Attorney General in the first

instance to insure that proper credit is given for time served in a split-sentence situation. *See United States v. Clayton,* 588 F.2d 1288, 1292–93 (9th Cir.1979) ("It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due."); *see also United States v. Davis,* 856 F.2d 1514, 1517 (11th Cir.1988) (defendant given split sentence must be given credit for time spent in federal custody pursuant to § 3568).

■ In this case, at the January 1988 hearing, the district court affirmed the three-year sentence imposed in August 1987. The court noted that the term of incarceration would run from August 14, 1987, the date of Flanagan's commitment following revocation of his probation. Record, Vol. 3 at 13. The court expressed its opinion that Flanagan would not get credit for the six months he spent in a jail-type institution under the split-sentence provision, but conceded that its position might not be correct. *Id.* at 15. The court stated "[t]hat is the way I read the statute. Maybe the Bureau of Prisons will differ." *Id.* It is clear that the court contemplated that the Bureau of Prisons would resolve this matter administratively.

It is undisputed that Flanagan has not pursued his administrative remedies with respect to the computation of his sentence. Ironically, Flanagan's brief quotes from the Bureau of Prisons Program Statement No. 5880.20 which suggests that the Bureau will indeed give him credit for the time served under the split-sentence provision.[4] It would appear, therefore, that this

---

(1984), *amended,* Pub.L. 99–217, § 4, 99 Stat. 1728 (1985).

**2.** This section was also repealed by the Sentencing Reform Act, but the repeal applies only to *offenses committed after November 1, 1987.* See fn. 1, *supra.*

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (in banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**4.** The section, in relevant part, provides that:
If an individual is recommitted as a probation violator, three different and distinct terms (original overall term, initial confinement term and probation violator term imposed at the time of revocation) must be considered in determining the term in effect. In all cases, the sentence on revocation will be computed as beginning on the date initially committed to the "split sentence," becoming inoperative on the date of release, and resuming on the date recommitted as a probation violator. The term in effect will be determined by adding the term of the initial confinement por-

issue is not ripe for judicial review. The cases Flanagan relies upon are not to the contrary. For instance, in *Ochoa v. Lennon*, 750 F.2d 1345 (5th Cir.1985), *cert. denied*, 474 U.S. 979, 106 S.Ct. 382, 88 L.Ed.2d 335 (1985), the Fifth Circuit reviewed the Bureau of Prisons' *refusal* to give the defendant credit for the 179 days he had been incarcerated under a split-sentence provision. Notably, because the district court had imposed a lesser sentence (six years versus ten years) following revocation of probation, the court held it was reasonable for the Bureau of Prisons to presume that the defendants had been credited for time served in custody before sentencing. *Id.* at 1349. Similarly, in *Granger v. United States*, 688 F.2d 1296 (9th Cir.1982), the court held that it was reasonable for the Bureau of Prisons to presume that the district court had given the defendant credit for six months served when he sentenced the defendant to a more lenient term. *Id.* at 1297. Neither of these cases deal with the situation where a district court imposes the full original sentence.

We hold that the district court's reimposition of Flanagan's original sentence was lawful. Flanagan must pursue his administrative remedies through the Bureau of Prisons before this Court may undertake judicial review. *Mathis*, 689 F.2d at 1365.

AFFIRMED.

---

tion, as imposed, to the term imposed at the time of probation revocation.

Applied to this case, Flanagan's sentence on revocation would begin "on the date initially

committed" to his split sentence effectively giving him credit for his time served.