**CORRECTED**                              [DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 09, 2006
THOMAS K. KAHN
CLERK

No. 05-11926
Non-Argument Calendar
_____

D. C. Docket No. 99-00694-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO LUNA-MORA,
a.k.a. Mario Luna Mora,
a.k.a. Hector Bernal-Soto,

Defendant-Appellant.

_____

No. 05-11928
Non-Argument Calendar

_____

D. C. Docket No. 04-00563-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR BERNAL-SOTO,
a.k.a. Mario Luna Mora,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(May 9, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

This opinion consolidates and decides two appeals perfected by Hector Bernal-Soto a.k.a. Marion Luna-Mora ("Bernal"). In <u>United States v. Luna-Mora</u>, No. 05-11928, Bernal appeals his forty-six month sentence for illegally reentering the United States without authorization after deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). In <u>United States v. Hector Bernal-Soto</u>, No. 05-11926, Bernal appeals his eight month sentence to be served consecutively with the first, for violation of supervised release from his original 2000 conviction for being an alien previously deported and present in the United States without authorization, in violation 8 U.S.C. § 1326.

On appeal, Bernal argues with respect to No. 05-11928 that the district court deprived him of his Sixth Amendment right to a jury trial and a standard of proof beyond a reasonable doubt on every element of the offense, including the fact of

2

the prior conviction for an aggravated felony.  With respect to No. 05-11926 and his eight month sentence for violation of supervised release, he argues that that sentence was unreasonable because it failed to credit him with sixteen months he had served for an allegedly improper revocation sentence.  He further argues that the district court denied him due process and imposed an unreasonable sentence because the court failed to consider or specify the factors listed in 18 U.S.C. § 3553(a).

## I.

At sentencing, Bernal withdrew his challenge under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) as it applied to how his prior conviction was characterized.  As a result, direct review is limited to plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005).  Plain error review asks whether there is: (1) an error, (2) that is plain, and (3) that affects substantial rights.  If all three are found, we may exercise discretion only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Rodriguez, 398 F.3d at 1298.

In United States v. Orduno-Mireles, 405 F.3d 960, 961 (11th Cir.), cert. denied,  126 S.Ct. 223 (2005), we considered a defendant's claim that the district court erred when it enhanced his sentence under U.S.S.G. § 2L1.2(b)(1)(A), and

3

(2), because the enhancement pursuant to § 1326 was based on facts that were neither charged in the defendant's indictment nor proven to a jury. In that case, we reiterated our view that the Supreme Court, in Booker, "left undisturbed its holding in Almendarez–Torres [523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)], that recidivism is not a separate element of an offense that the government is required to prove beyond a reasonable doubt." Orduno-Mireles, 405 F.3d at 962. Indeed, we have held that "Almendarez–Torres remains the law until the Supreme Court determines that Almendarez–Torres is not controlling precedent," and that it was not plain error for the district court to apply it. Orduno-Mireles, 405 F.3d at 963.

Bernal's claim that the district court violated his Sixth Amendment right to a jury trial by sentencing him under 8 U.S.C. § 1326(b)(2), and U.S.S.G. § 2L1.2(b)(1)(B), based on the fact of a prior conviction that neither was alleged in the indictment nor proven to a jury beyond a reasonable doubt, fails because the prior conviction was not an element of his illegal reentry charge. Because Almendarez-Torres is still controlling law, the district court did not err when it imposed a sentence pursuant to 8 U.S.C. § 1326(b)(2), and U.S.S.G. § 2L1.2(b)(1)(B). Upon review of the briefs of the parties and the relevant case law, we discern no reversible error and affirm.

4

## II.

### a. Credit for time served

To the extent that Bernal is attempting to challenge the district court's refusal to grant him credit for time served in a Dekalb County jail for violating his term of supervised release imposed for his 2000 conviction (United States v. Luna-Mora, No. 1:99-CR-694), he may not do so here. The Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing. United States v. Wilson, 503 U.S. 329, 333-35, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992) (construing 18 U.S.C. § 3585(b)(2), the relevant statute regarding credit for time served). As a result, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir.1989) (interpreting § 3585(b)'s predecessor, § 3568). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir.2000). "Exhaustion of administrative remedies is jurisdictional." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir.1992) (addressing denial of a § 2241 petition). Because the record fails to show that Bernal has exhausted his administrative

5

remedies for review of credit received for time served, this issue is not ripe for judicial review. Accordingly, we decline to exercise jurisdiction in this regard.

## b. Sentence for revocation of supervised release

Upon finding that a defendant violated supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e).[1] The term imposed cannot exceed the statutory maximum, which is determined by grade of the violation. See id. Where the original offense was a Class B felony, a court may not require a defendant to serve more than three years in prison. 18 U.S.C. § 3583(e)(3). A Grade B violation is one constituting any federal, state, or local offense, not described in U.S.S.G. § 7B1.1(a)(1), punishable by a term of imprisonment exceeding one year. U.S.S.G. § 7B1.1(a)(2).

The sentencing court "shall state in open court the reasons for its imposition of a particular sentence, and if the sentence . . . is not of the kind, or is outside the range, described in [§ 3553(a)(4)], the specific reason for imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2). In reviewing a defendant's sentence for unreasonableness, however, we have held that "nothing in Booker or

---

[1] We need not decide in this case whether our review of the district court sentence upon revocation is for abuse of discretion, or for reasonableness pursuant to Booker. If the former, we conclude there is no abuse of discretion; if the latter, we conclude that the sentence was not unreasonable. For simplicity, we refer hereafter to abuse of discretion.

elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

The district court did not abuse its discretion by sentencing Bernal to eight months in prison for violating the terms of his supervised release. First, Bernal did not object to the indictment charging him with being an alien found in the United States after having been removed from the country after a conviction for an aggravated felony. Second, Chapter Seven provides for a 12 to 18 month term of imprisonment when a defendant's supervised release is revoked for committing a Grade B violation and the defendant has a criminal history category of IV. U.S.S.G. § 7B1.1(a)(2), and § 7B1.4(a). Bernal's eight month sentence was therefore well within the court's statutory power as Bernal's original offense was a Class B felony. See 18 U.S.C. § 3583(e)(3). Third, although the district court began with an eighteen month sentence, which was within the advisory guideline range for Bernal's particular offense, ultimately Bernal was given ten months credit for the sixteen months he served in Dekalb County jail, and the remaining eight month sentence was to be served consecutive to the sentence for the 2004 illegal reentry conviction. See 18 U.S.C. § 3553(a)(1). As a result, the eight month consecutive sentence was well below the recommended 12 to 18 month

guideline range. Furthermore, the record reflects that the district court considered the goals of and the advisory nature of guideline range. See 18 U.S.C. § 3553(a)(4); U.S.S.G. § 7B1.4(a). Thus, the record sufficiently demonstrates that the district court considered the § 3553(a) sentencing factors and the advisory guidelines range.

In sum, we conclude that the eight month sentence was below the sentencing range, the court had the statutory authority to impose the sentence, the court stated its reasons for departing downward when it credited Bernal with time served, and the sentence was supported by the record. We find neither an abuse of discretion nor any unreasonableness in the verdict. Accordingly, we affirm.

**AFFIRMED.**