[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13781
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 92-00076-CR-001-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MARTIN,
a.k.a. Tank,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 21, 2010)

Before DUBINA, Chief Judge, CARNES and FAY, Circuit Judges.

PER CURIAM:

Appellant James Henry Lee Martin, III, appeals the district court's denial of his motions to reconsider the court's *sua sponte* sentence reduction pursuant to Amendment 706 to the Sentencing Guidelines.[1]  Martin argues on appeal that the district court erred in denying his motions for reconsideration, because as a result of the sentencing reduction, time served, and good-time credit, he had completed his sentence and he should therefore be released.  Martin also asserts, for the first time, that he was denied effective assistance of counsel because his appointed lawyer did not file any pleading seeking to remedy the errors he himself had identified in his *pro se* reconsideration motions.

I.

A proceeding under 18 U.S.C. § 3582(c)(2) is not a full resentencing hearing, but rather is limited to consideration of whether to reduce a prisoner's original sentence based on an amendment to the applicable guidelines.  *See United States v. Melvin*, 556 F.3d 1190, 1192-93 (11th Cir.), *cert. denied*, 129 S. Ct. 2382 (2009); *see also United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009) (holding that "a § 3582(c)(2) motion 'is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give

_____

[1]The government asserts in its brief that Martin's notice of appeal was untimely filed. Our review of the record confirms that we have jurisdiction to consider this appeal.  *See* Fed.R.App.P. 4(c)(1); *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001).

certain defendants the benefits of an amendment to the Guidelines'") (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)).

"A claim for credit for time served is brought under 28 U.S.C. § 2241 *after the exhaustion of administrative remedies*." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (emphasis added); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (holding "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review. *See United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989).

The relief Martin seeks is a judicial finding that because of the sentence reduction, he had either fully served his sentence, or that the sentence had to be recalculated by the district court to account for time served and/or good-time credit. The district court was without authority to grant Martin the relief he sought, however, as the proper vehicle is a § 2241 habeas petition—after Martin has properly exhausted his administrative remedies. *See Nyhuis*, 211 F.3d at 1345;

3

*Flanagan*, 868 F.2d at 1546. Because Martin has provided no evidence of exhaustion, we conclude that the district court did not err in denying Martin's motions for reconsideration.

II.

"[E]xcept in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal. Instead, an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (internal citations and quotation marks omitted); *see also Massaro v. United States*, 538 U.S. 500, 504-05, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003) ("When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.").

Because Martin failed to raise his ineffectiveness argument in the district court, there is no record from which we can evaluate the merits of this claim, and we therefore decline to address it in the first instance on direct appeal. *See Merrill*, 513 F.3d at 1308.

For the aforementioned reasons, we affirm the district court's order denying

Martin's motions for reconsideration, and decline to consider his ineffectiveness-of-counsel argument on direct appeal.

**AFFIRMED.**