[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14141
Non-Argument Calendar
_____

D.C. Docket No. 8:03-cr-00249-SCB-EAJ-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID O. EDWARDS,
a.k.a. Dre,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 18, 2013)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

David O. Edwards, proceeding pro se, appeals the district court's denial of

his motion for reconsideration of an order granting in part his motion to reduce his

sentence under 18 U.S.C. § 3582(c).  Edwards raises two issues in his appeal.

First, Edwards argues that the district court failed to consider his post-sentencing

rehabilitation at his § 3582(c) proceeding, which could have led to a sentence

below the advisory guideline range.  Second, Edwards argues that the district court

should have ordered the Bureau of Prisons to credit him for time served in pretrial

detention.  After careful review, we affirm.

We review a district court's denial of a motion for reconsideration for abuse

of discretion.  United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).  Pro

se pleadings are construed liberally.  Tannenbaum v. United States, 148 F.3d 1262,

1263 (11th Cir. 1998).

Edwards's first argument is that the district court failed to consider his post-

sentencing rehabilitation during his § 3582(c)(2) proceeding because it was too

focused on selecting a sentence that "mirrored" his original sentence.  Edwards

suggests that if the district court had considered his rehabilitation, he would have

received a sentence below the amended guideline range.

Title 18 U.S.C. § 3582(c)(2) provides that a district court may modify a term

of imprisonment that was based on a sentencing range that has subsequently been

lowered by the United States Sentencing Commission.  A § 3582(c)(2) proceeding

does not constitute a de novo resentencing, and "all original sentencing

determinations remain unchanged with the sole exception of the guideline range

2

that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis omitted); see also United States Sentencing Guidelines (USSG) § 1B1.10(b)(1) (providing that all other guidelines determinations remain unaffected). In reducing a sentence under § 3582(c)(2), "a district court may lower a defendant's sentence below the amended guidelines range only if the original sentence was below the original guidelines range because the defendant provided substantial assistance to the government." United States v. Glover, 686 F.3d 1203, 1207 (11th Cir. 2012); see also USSG § 1B1.10(b)(2).

The district court did not abuse its discretion in denying Edwards's motion for reconsideration. First, the district court explicitly considered Edwards's post-sentencing rehabilitation in reducing his sentence. Indeed, the district court's order stated that the court had "considered public safety as well as post-sentencing information in imposing this sentence." Second, the district court was not authorized to reduce Edwards's sentence below his minimum amended guidelines range. Section 1B1.10(b)(2) states that a court shall not reduce a defendant's sentence below the amended guideline range in a § 3582(c)(2) proceeding unless it reflects a defendant's substantial assistance to authorities. See also Glover, 686

3

F.3d at 1207.  That being the case, the district court did not abuse its discretion in denying Edwards's motion for reconsideration.[1]

Edwards's second argument is that the district court should have granted his motion for reconsideration because it failed to order the Bureau of Prisons to credit him for time served in pretrial detention.  This argument fails because a claim for time-served credit is properly brought under § 2241 after the exhaustion of administrative remedies.  See United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000).  Because there is no indication that Edwards has exhausted his administrative remedies, the district court did not abuse its discretion in declining to grant a motion for reconsideration.  See United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989) (observing that "the granting of credit for time served is in the first instance an administrative, not a judicial, function").

Based on the above, we affirm.

**AFFIRMED.**

---

[1] Edwards argues that the district court could have reduced his sentence under Pepper v. United States, 562 U.S. ___, 131 S. Ct. 1229 (2011).  In Pepper, the Supreme Court held that when a defendant's sentence has been vacated on appeal, a district court at resentencing may consider and impose a below-guidelines-range sentence based on evidence of the defendant's post-sentencing rehabilitation.  Id. at 1241.  Pepper does not apply here, however, because Edwards's sentence was not set aside on direct appeal.  Edwards instead sought a reduction in his sentence in a § 3582(c)(2) proceeding.  Therefore, Pepper does not apply to this case.