[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13180
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cr-00143-WHA-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE KENDRICK HARDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 6, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Joe Kendrick Hardy appeals his sentence of 24 months of imprisonment following the revocation of his supervised release. Hardy argues that he was entitled to credit for time served in the custody of state officials before he was transferred to a federal prison to serve his sentence for being a felon in possession of a firearm. *See* 18 U.S.C. § 3585(b). Hardy also argues that his sentence is substantively unreasonable. We affirm.

The district court lacked authority to credit Hardy for time he allegedly served in state custody.  *See id.* After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled. *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995). The Attorney General "make[s] the determination as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). If Hardy had been "dissatisfied with the computation of [his] sentence [for being a felon in possession of a firearm, he had to] pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989).

During his revocation hearing, Hardy did not request judicial review of the denial of credit; instead, he requested that the district court exercise "equitable

consideration" and reduce his sentence under section 3585(b).  But the district court could not award Hardy credit or take into account the time he allegedly served in determining what sentence to impose for his multiple violations of the conditions of his supervised release.

The district court did not abuse its discretion by sentencing Hardy to 24 months of imprisonment. Hardy had a criminal history category of VI when he was convicted for possessing a firearm as a felon and within six months of completing his prison sentence, he had, the district court stated, "made a mockery of [the] intention[s] [of supervised release]." Hardy violated the condition that he remain in Alabama by traveling to Tennessee, where he was cited for the misdemeanor offense of possessing synthetic cannabinoids and later failed to appear for a hearing on the charge, *see* U.S.S.G. § 7B1.1(a)(3) (identifying violations of state law and of conditions of supervised release as Grade C violations). Three months later, Hardy travelled unlawfully to North Carolina where he purchased and transported in a rental vehicle 33 pounds of synthetic cannabis from New York, for which he later was convicted of trafficking synthetic marijuana. *See id.* § 7B1.1(a)(1) (identifying controlled substance offenses as Grade A violations). Although Hardy faced a minimum sentence of 33 months under the advisory guidelines, the statute governing revocation limited his penalty to 24 months of imprisonment, *see* 18 U.S.C. § 3583(e)(3). The district court reasonably

determined that the maximum statutory sentence best addressed, in its words, "all the factors contained in 18 U.S.C. Section 3553." Hardy's sentence is reasonable.

We **AFFIRM** Hardy's sentence.